24CA1307 Minks v CDHS 06-05-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1307
City and County of Denver District Court No. 22CV33443
Honorable Sarah B. Wallace, Judge

---

Ares Minks,

Plaintiff-Appellee,

v.

State Department of Human Services,

Defendant-Appellant.

---

JUDGMENT AFFIRMED IN PART AND REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division IV
Opinion by JUDGE MEIRINK
Freyre and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 5, 2025

---

Ares Minks, Pro Se

Philip J. Weiser, Attorney General, Nicole Chaney, Assistant Attorney General,
Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, the State Department of Human Services (the Department), appeals the district court's order requiring the Department to adopt the initial decision of an administrative law judge (ALJ), which concluded that plaintiff, Ares Minks, was not responsible for child abuse or neglect, as a final agency decision. We affirm in part and reverse in part.

## I.     Background

¶ 2     In April 2019, the El Paso County Department of Human Services was notified of allegations of sexual assault of A.M.  The Department investigated the report and found Minks responsible for intrafamilial sexual abuse — minor severity of A.M.  Pursuant to section 19-3-308(11), C.R.S. 2024, and Department of Human Services Rule 7.111, 12 Code Colo. Regs. 2509-2, Minks requested a fair hearing, which was held before an ALJ in the Office of Administrative Courts.  In February 2022, the ALJ issued an initial decision concluding that the Department failed to prove by a preponderance of the evidence that Minks was responsible for child abuse or neglect.

¶ 3     The Department filed exceptions requesting a reversal of the ALJ's initial decision.  Minks responded, and the staff adjudicator of

the Office of Administrative Courts' Office of Appeals (the Agency) issued a final agency decision reversing the ALJ's initial decision and confirming the Department's original finding that Minks was responsible for intrafamilial sexual abuse — minor severity of A.M.

¶ 4 Pursuant to the State Administrative Procedure Act, section 24-4-106(4), C.R.S. 2024, Minks sought judicial review in the district court of the final agency decision, arguing that the Agency's decision to set aside evidentiary facts found by the ALJ was arbitrary and capricious and contrary to law. The district court reversed the final agency decision, concluding that the Agency exceeded its authority by making improper credibility determinations and disregarding admitted evidence supporting the ALJ's ultimate conclusion of fact — that the Department failed to establish by a preponderance of the evidence that Minks was responsible for intrafamilial sexual abuse — minor severity of A.M.

¶ 5 According to the Department, the district court's order to reinstate the initial decision left the administrative record without a final agency decision. The Department thus moved to amend the judgment, asking the court to include a remand order for the Agency to reissue a final agency decision in accordance with the

court's order and the law. After holding a hearing, the court agreed that its order created an absence of a final agency decision.

¶ 6    The court then issued an amended order remanding the matter to the Agency with directions to enter a final agency decision "consistent with the [amended] order and affirming the [ALJ's] Initial Decision[] holding that the . . . Department's confirmation of [Minks] as responsible for 'intrafamilial sexual abuse — minor severity' of A.M. [wa]s reversed." This appeal followed.

## II.    Analysis

¶ 7    The Department does not dispute that the district court properly reversed and remanded the matter to the Agency. But it contends that the court exceeded its authority by ordering the Agency to adopt the ALJ's initial decision as a final agency decision rather than remanding for further proceedings.[1] We agree.

### A.    Standard of Review and Applicable Law

¶ 8    When reviewing a district court's decision in an administrative review proceeding, we sit in the same position as the district court

---

[1] The Department does not challenge the district court's conclusion that the Agency exceeded its authority by setting aside the ALJ's credibility determinations and disregarding evidence supporting the ALJ's conclusion of fact.

and apply the same standard of review as the district court. *Ansel v. Dep't of Hum. Servs.*, 2020 COA 172M, ¶ 12. In each such case under review, the court "shall determine all questions of law and interpret the statutory and constitutional provisions involved and shall apply the interpretation to the facts duly found or established." § 24-4-106(7)(d). We may set aside a final agency action if it is contrary to law. *Ansel*, ¶ 12.

¶ 9 Whether the district court exceeded its authority in directing the Agency to enter a final agency decision affirming the ALJ's initial decision is a question of law that we review de novo. *See id.* at ¶ 13; *Whitelaw v. Denver City Council*, 2017 COA 47, ¶ 8 (noting that appellate court's review of district court's decision in administrative matter).

¶ 10 Section 24-4-106(7) grants district courts the authority to review final agency actions to determine whether, inter alia, the agency exceeded its authority or abused its discretion. If the court finds no error, "it shall affirm the agency action." § 24-4-106(7)(a). If, on the other hand, the court determines that the agency has acted contrary to law or exceeded its authority, inter alia, under subsection (7)(b), the court "shall hold unlawful and set aside the

agency action and . . . remand the case [to the agency] *for further proceedings.*" § 24-4-106(7)(b) (emphasis added).  On remand back to the agency for further proceedings, the agency has the responsibility to make its own conclusions of fact.  *See Nixon v. City & Cnty. of Denver*, 2014 COA 172, ¶¶ 26-27.

## B.   Discussion

¶ 11   Here, the district court found that the Agency exceeded its authority.  Section 24-4-106(7)(b) prescribes the remedies available to the district court, including remanding the case.  While the district court properly remanded the case to the Agency, it did not "remand the case *for further proceedings*" as required by the statute, § 24-4-106(7)(b) (emphasis added), and instead directed the Agency to adopt a specific final agency decision.  *See City & Cnty. of Denver v. Bd. of Assessment Appeals*, 947 P.2d 1373, 1380 (Colo. 1997) (recognizing that when reviewing administrative proceedings under section 24-4-106(7), both district and appellate courts have plenary authority to review and remand the case for further proceedings).

¶ 12   In *Nixon*, a division of our court noted, "[O]nce the [district] court determined that the [agency] had abused its discretion by misapplying the law, the court was required to remand the case to

5

the [agency] for review under the correct legal standard." *Nixon*, ¶ 33. The division held that the district court "erred by making its own findings in lieu of remanding the case to the [agency]." *Id.* The division acknowledged that "[t]hese [we]re not mere legal technicalities"; rather, "[t]his outcome [wa]s dictated by longstanding Colorado statutory and case law and rules." *Id.* at ¶ 9. Finally, the court recognized that the agency was not bound by the hearing panel's findings to decide an issue in any particular way, and the court did "not mean to suggest any particular outcome on remand to the [agency]." *Id.* at ¶ 32; *see also Lawley v. Dep't of Higher Educ.*, 36 P.3d 1239, 1247 (Colo. 2001) (concluding that the subject agency was not bound by the ALJ's determination that the defendant-university's action was not arbitrary and capricious).

¶ 13    Therefore, while the district court properly reversed and remanded the case to the Agency, it exceeded its authority by directing the Agency to enter a final agency decision affirming the ALJ's initial decision. As the applicable statute and case law make clear, the district court should have simply remanded the case to the Agency for further proceedings.

### III. Disposition

¶ 14    We affirm the portion of the district court's order reversing the Agency's final decision and remanding the case to the Agency with directions to enter a final agency action.  We reverse the portion of the order requiring the Agency to enter a final agency decision consistent with the order and affirming the ALJ's initial decision holding that the "Department's confirmation of [Minks] as responsible for 'intrafamilial sexual abuse — minor severity' of A.M. is reversed."  We direct the district court to remand the case to the Agency for further proceedings consistent with this Court's and the district court's opinion.

JUDGE FREYRE and JUDGE GOMEZ concur.